# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-11104
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
February 8, 2017
Lyle W. Cayce
Clerk

OSCAR ARMANDO, also known as Oscar Armando Sarrez, also known as Oscar Armando Mendoza, also known as Oscar A. Escobar,

Plaintiff-Appellant

v.

NFN TENORIO, N.P; DAVID R. BASSE, M.D.; STATE EMPLOYEES TEXAS TECH TEXAS DEPARTMENT OF CRIMINAL JUSTICE; K. WALLACE, FHA Administrator; J. C. WALLACE, FMA,

Defendants-Appellees

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 2:15-CV-270

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Oscar Armando, Texas prisoner # 1361831, appeals the dismissal of his 42 U.S.C. § 1983 complaint as frivolous under 28 U.S.C. §§ 1915A and 1915(e)(2) and under 42 U.S.C. § 1997e(c). Additionally, he moves for judicial notice, enforcement of relief, and a temporary restraining order.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-11104

In his § 1983 complaint, Armando alleged that the defendants acted with deliberate indifference to his serious medical needs.  He argues in this court that he sustained injuries while in prison; he should not be forced to file a lawsuit in order to get the proper medical care in prison; the defendants have refused to refer him to a non-prison specialist; his medical needs have not been adequately addressed by the medication prescribed by the defendants; he is still experiencing daily pain; he needs surgery; there is insufficient money in the prison budget to treat his injuries in the proper manner; prison officials have not disclosed his MRI results to him; and prison officials denied his grievances.  Further, Armando contends that the district court had a conflict of interest, was prejudiced against him, was biased in favor of the defendants, and helped to cover up the actions of the defendants.  Finally, he argues that the district court erroneously denied him leave to proceed in forma pauperis (IFP) on appeal.

Armando's arguments regarding his medical care amount to a disagreement with the treatment provided and are insufficient to show a constitutional violation.  *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).  His conclusory claim of judicial bias is apparently based on the district court's adverse ruling.  However, such rulings "will support a claim of bias only if they reveal an opinion based on an extrajudicial source or if they demonstrate such a high degree of antagonism as to make fair judgment impossible."  *United States v. Scroggins*, 485 F.3d 824, 830 (5th Cir. 2007).  Nothing in the record supports Armando's bias claim.  *See id.*  Finally, Armando's argument regarding the district court's denial of IFP status is unavailing as the district court, in fact, granted Armando leave to proceed IFP.  Accordingly, the dismissal of Armando's § 1983 action is AFFIRMED.

No. 15-11104

Armando's motions for judicial notice are DENIED. Judicial notice applies only to facts not subject to reasonable dispute. FED. R. EVID. 201(b)). The facts alleged in Armando's first motion are subject to reasonable dispute. Regarding the second motion, Armando has provided inadequate briefing. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Furthermore, we may not consider evidence that was not before the district court when it dismissed Armando's § 1983 action. *See Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999).

Next, in light of our affirmance of the district court's dismissal and the lack of clarity in Armando's motion to enforce relief, we DENY that motion. *See Grant v. Cuellar*, 59 F.3d 523, 524-25 (5th Cir. 1995). Finally, we DENY Armando's motion for a temporary restraining order because he has not made the requisite showing. *See* FED. R. APP. P. 8(a)(2)(A).

The district court's dismissal of Armando's § 1983 complaint as frivolous counts as a strike under § 1915(g). *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1761 (2015); *Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Armando is WARNED that if he accumulates three strikes, he will not be allowed to proceed IFP in any civil action or appeal unless he is "under imminent danger of serious physical injury." § 1915(g).